1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
9
# SOUTHERN DISTRICT OF CALIFORNIA
10
11

PANTERA ORNELAS,
CDC# K-32376,
12

13                                          Plaintiff,

14                        vs.

15    ANGULO, CC-I,

16
                                           Defendant.
17

Civil No.    05cv1293-BEN (NLS)


**ORDER DISMISSING SECOND
AMENDED COMPLAINT
WITHOUT FURTHER LEAVE TO
AMEND FOR FAILING TO STATE
A CLAIM PURSUANT TO 28 U.S.C.
§§ 1915(e)(2) AND 1915A(b)**

18         On June 24, 2005, Pantera Ornelas, a state prisoner incarcerated at Centinela State Prison

19    in Imperial, California, and proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983.

20    Plaintiff alleged that his right to be free from cruel and unusual punishment was violated by

21    Centinela prison official Defendant Angulo, who allegedly verbally sexually harassed Plaintiff,

22    retaliated against him for filing an administrative grievance regarding the incident, and failed

23    to properly process that grievance.  (Compl. at 2-4.)  The Complaint was initially dismissed

24    without prejudice due to Plaintiff's failure to pay the filing fee or move to proceed in forma

25    pauperis.  Plaintiff thereafter filed a motion to proceed in forma pauperis.

26         On October 26, 2005, the Court granted Plaintiff leave to proceed in forma pauperis and

27    dismissed the Complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and

28    1915A.  The Court found that the Complaint failed to state a claim upon which relief may be

1   granted because the verbal sexual harassment allegations were insufficient to state an Eighth

2   Amendment claim, because Plaintiff had not alleged that Defendant Angulo was personally

3   responsible for the alleged acts of retaliation, and because Plaintiff could not state a due process

4   claim based on the failure to process his grievance. (See 10/26/05 Order at 3-5.) Plaintiff was

5   granted leave to file an amended complaint in an attempt to cure these pleading defects.

6   On February 6, 2006, Plaintiff filed a First Amended Complaint. On February 21, 2006,

7   the Court dismissed the First Amended Complaint because it did not cure the pleading defects

8   identified in the previous Order of dismissal, and once again failed to state a claim upon which

9   relief may be granted. Plaintiff was once again notified of the defects of his pleading, and once

10  again granted an opportunity to cure those defects. (See 2/21/06 Order at 3-5.) Plaintiff was

11  cautioned that if his amended pleading failed to cure the pleading defects identified in that Order

12  and in the Court's previous Order of dismissal, and once again failed to state a claim, it would

13  be subject to dismissal without further leave to amend. (Id. at 6.)

14  Plaintiff has now filed a Second Amended Complaint. For the following reasons, the

15  Court finds that the Second Amended Complaint fails to state a claim upon which relief may be

16  granted, and that Plaintiff has once again failed to cure the defects of his pleading which the

17  Court has identified in its two previous Orders of dismissal. Because it is now clear that Plaintiff

18  is unable to cure these defects, this action is dismissed without further leave to amend.

19  **I.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A**

20  Under 28 U.S.C. §§ 1915A and 1915(e)(2), the Court is obligated to review complaints

21  filed by all persons "incarcerated or detained in any facility who is accused of, sentenced for,

22  or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

23  probation, pretrial release, or diversionary program," "as soon as practicable after docketing"

24  and regardless of whether the prisoner prepays filing fees or moves to proceed in forma pauperis.

25  28 U.S.C. §§ 1915A & 1915(e)(2). The Court must sua sponte dismiss prisoner complaints, or

26  any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief

27  may be granted. 28 U.S.C. § 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

28  (en banc); Resnick v. Hayes, 213 F.3d 443, 446-47 (9th Cir. 2000).

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." Resnick, 213 F.3d at 447; see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th

4    Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

5    However, while liberal construction is "particularly important in civil rights cases," Ferdik v.

6    Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of

7    the claim that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673

8    F.2d 266, 268 (9th Cir. 1982).  Leave to amend should be granted, however, unless it determines

9    that "the pleading could not possibly be cured by the allegation of other facts" and if it appears

10   "at all possible that the plaintiff can correct the defect." Lopez, 203 F.3d at 1130-31.

11          As in the previous versions of his pleading, Plaintiff once again indicates that he is

12   bringing a claim against Defendant Angulo for sexual harassment. (Second Amended Complaint

13   "SAC" at 4-8; First Amended Complaint "FAC" at 2, 8; Compl. at 3.)  Specifically, Plaintiff

14   alleges that he asked Angulo if Angulo could "hook him up," meaning assisting Plaintiff in

15   scheduling a bi-annual hearing, and Angulo responded by grabbing his own genitals and saying

16   "Yeah, I'll hook you up." (SAC at 8; FAC at 8; Compl. at 3.)  Plaintiff contends this was an

17   effort by Angulo to show disrespect towards Plaintiff "by making homosexual gestures and

18   advances," and which gave Plaintiff "the unmistakable impression that he would trade favors

19   for a homosexual act." (Id.)  Plaintiff alleges that Angulo's actions caused him "severe and

20   significant psychological trauma and mental anguish." (SAC at 4; FAC at 2.)

21          These allegations fail to state a claim for violation of Plaintiff's Eighth Amendment right

22   to be free from cruel and unusual punishment for the same reasons set forth in the Court's two

23   previous Orders of dismissal. (See 2/21/06 Order at 3; 10/26/05 Order at 4.)  As noted in those

24   Orders, verbal harassment or verbal abuse by prison officials does not constitute a violation of

25   the Eighth Amendment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment

26   does not constitute an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136,

27   139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not

28   cognizable under § 1983); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats

1    and name calling are not actionable under § 1983).  Because Plaintiff has now been twice

2    informed of the pleading defect of this claim, and twice has failed to cure the defect, and because

3    it is now clear that it is not "at all possible that the plaintiff can correct the defect," Plaintiff's

4    Eighth Amendment claim is dismissed without further leave to amend.  <u>Lopez</u>, 203 F.3d at 1130-

5    31.

6          Plaintiff next claims, once again, that he was retaliated against as a result of having filed

7    an administrative grievance regarding the incident.  (SAC at 4, 8; FAC at 4, 8.)  Specifically,

8    Plaintiff repeats verbatim the allegations in the previous version of his complaint that, after he

9    filed a grievance relating to the incident, Defendant Angulo "threatened me and after I stated I

10   would proceed with the 602, he stated 'I would be sorry.'  I have lost my job, had personal

11   possessions confiscated, mail withheld, etc., which is direct retaliation for filing my appeal

12   against him."  (SAC at 8; FAC at 8.)  Finally, Plaintiff alleges he "has been directly retaliated

13   against as a result of filing his administrative grievance regarding the incident by other prison

14   officials.  These acts include, but are not limited to, job changes, cell searches, personal property

15   confiscated, body searches by yard staff, mail being withheld, verbal abuse by staff."  (<u>Id.</u> at 4.)

16         Plaintiff has once again failed to adequately allege a violation of his right to remain free

17   from retaliation for filing the administrative grievance.  As the Court previously notified

18   Plaintiff, an inmate suing prison officials pursuant to 42 U.S.C. § 1983 for retaliation must

19   allege: (1) that he was retaliated against for exercising his constitutional rights, <u>i.e.</u>, that his

20   conduct was constitutionally protected and was a "substantial" or "motivating" factor in the

21   defendant's decision to act, <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir.

22   1989); <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977); and (2)

23   that the retaliatory action "does not advance legitimate penological goals, such as preserving

24   institutional order and discipline." <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995); <u>Barnett</u>

25   <u>v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994).

26         As pointed out in the previous Orders of dismissal, Plaintiff has adequately alleged that

27   he engaged in activities protected by the First Amendment because a prisoner's right of

28   meaningful access to the courts, along with his broader right to petition the government for the

1   redress of grievances under the First Amendment, precludes prison authorities from penalizing

2   a prisoner for exercising those rights.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

3   However, Plaintiff has for the third time failed to alleged that Defendant Angulo, who is the only

4   Defendant named in this action, was responsible for or involved in the harassment by other

5   members of the staff.  "The inquiry into causation must be individualized and focus on the duties

6   and responsibilities of each individual defendant whose acts or omissions are alleged to have

7   caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing

8   Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

9       Plaintiff has failed to state a claim because he has once again failed to allege personal acts

10   by Defendant Angulo which have a direct causal connection to the alleged constitutional

11   violation at issue, and because he has failed to allege a causal connection between the alleged

12   acts of harassment and the filing of the administrative grievance.  Sanders v. Kennedy, 794 F.2d

13   478, 483 (9th Cir. 1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges

14   Angulo told Plaintiff he "would be sorry" if he filed the grievance, and that the acts of retaliation

15   occurred after he filed the grievance.  Plaintiff was previously informed that although timing can

16   provide circumstantial evidence of retaliation, Pratt, 65 F.3d at 808, he must still allege facts

17   which, if proven true, would demonstrate that the alleged retaliatory acts, which Plaintiff alleges

18   were made by "other prison officials," were taken with a retaliatory motive attributable to

19   Defendant Angulo.  (See 2/21/06 Order at 4-5.)  The allegation regarding the timing of the

20   events was found to be insufficient in this regard because Plaintiff did not set forth specific

21   factual allegations regarding how long after the alleged warning from Angulo, or how long after

22   the filing of the grievance, the alleged retaliatory acts occurred.  (Id. at 5.)  The Second

23   Amended Complaint merely repeats the allegations in the First Amended Complaint in this

24   regard without any attempt to cure this pleading defect.  (SAC at 4, 8; FAC at 4, 8.)

25       In addition, Plaintiff also once again fails to set forth specific factual allegations regarding

26   the alleged retaliatory acts themselves.  As in the previous version of the Complaint, there are

27   no dates or any other details regarding the alleged retaliatory acts, merely a list of the types of

28   acts which occurred.  (SAC at 4, 8; FAC at 4, 8.)  The Federal Rules of Civil Procedure provide

1   that every complaint must, at minimum, give fair notice and state the elements of each claim

2   against each defendant plainly and succinctly in such a manner as to permit the defendant to file

3   a responsive pleading.  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th

4   Cir. 1984); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Defendant Angulo is unable

5   to adequately respond to the allegations because they lack any details whatsoever regarding

6   when the alleged acts occurred or what actions were taken.  In addition, although Plaintiff

7   alleged in a conclusory fashion that the retaliatory acts did not advance a legitimate penalogical

8   goal (see FAC at 4), he was informed in the previous Order of dismissal that without specific

9   factual allegations regarding the nature of the acts, particularly as to when and where they

10  occurred, the Defendant may be unable to adequately respond to such allegations.  (See 2/21/05

11  Order at 5.)  Plaintiff was informed that if he wished to proceed with his claim against Defendant

12  Angulo, he must set forth specific factual allegations regarding when the retaliatory acts

13  occurred, what they were, why he contends Defendant Angulo is responsible for them, and

14  factual allegations demonstrating that they did not advance a legitimate penological objective.

15  (Id.)  Plaintiff merely repeats the allegations in the First Amended Complaint in this regard and

16  has failed once again to cure these pleading defects.  Because it no longer appears "at all

17  possible that the plaintiff can correct the defect," Lopez, 203 F.3d at 1130-31, the retaliation

18  claim is also dismissed without further leave to amend.

19      For all these reasons, the Court finds that Plaintiff's Second Amended Complaint fails

20  to state a section 1983 claim upon which relief may be granted, and is therefore subject to

21  dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  Because it is now clear that

22  Plaintiff is unable to state a claim upon which relief may be granted, and because Plaintiff was

23  previously cautioned that his pleading would be subject to dismissal without further leave to

24  amend if he once again failed to cure the pleading defects identified above and in the Court's

25  previous Orders of dismissal, the Second Amended Complaint is **DISMISSED** without further

26  leave to amend.  See Lopez, 203 F.3d at 1130-31.

27  / / /

28  / / /

**II.      Conclusion and Order**

      Based on the foregoing, **IT IS ORDERED** that:

      Plaintiff's Second Amended Complaint is **DISMISSED** without  further leave to amend for failing to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1).

DATED:  September 7, 2006

                                                   Hon. Roger T. Benitez, U.S. District Judge
United States District Court